UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Todd Pufahl as Trustees of the Minnesota Laborers Vacation Fund, Todd Pufahl and Fred Chase as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Case No: 16-CV-3974 (SRN/FLN) <br><br> **ORDER FOR** <br> **ENTRY OF JUDGMENT** |
| Plaintiffs, | |
| v. | |
| Lakewest Excavating LLC, | |
| Defendant. | |

This matter was heard before the undersigned on March 31, 2017. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

1

**FINDINGS OF FACT**

1. The Complaint was filed with the Court on November 22, 2016. (Court Docket No. 1)

2. The Complaint was served on Defendant Lakewest Excavating LLC, ("Lakewest") on December 2, 2016. (Court Docket No. 4)

3. Lakewest failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Lakewest to answer the Complaint lapsed.

4. The Clerk entered Default on January 3, 2017. (Court Docket Nos. 5-8)

5. Lakewest was personally served with this Motion on January 25, 2017. (Court Docket No. 15)

6. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

7. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

8. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

9. The Funds are exempt from federal taxation pursuant to the Internal

Revenue Code.

10. Lakewest accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Highway Railroad and Heavy Construction Division of the Associated General Contractors of Minnesota and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions covering the period of May 5, 2014 through April 30, 2017 ("CBA").

11. The CBA requires Lakewest to submit contributions to the Funds in an amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

12. The CBA requires Lakewest to set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

13. The CBA requires Lakewest to submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due.  Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth is considered delinquent.

14. Lakewest breached the terms of the CBA by failing to timely submit the remittance reports and contributions due and owing for the period of June 2016 through November 2016 ("Delinquency Period").

15. Following the filing of this lawsuit, Lakewest untimely submitted its remittance reports for the Delinquency Period.  Pursuant to the reports untimely submitted, $27,953.37 is due and owing for unpaid contributions.

16. The CBA provides that if a payment for contributions is not submitted to

the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

17. Liquidated damages in the amount of $2,795.34 are due and owing for the Delinquency Period.

18. Prior to filing this motion, but after the filing of the lawsuit, Lakewest submitted a partial payment in the amount of $10,592.80 for which it is entitled to a credit.

19. Following the filing of this Motion, Lakewest submitted a partial payment in the amount of $8,227.41 for which it is entitled to a credit.

20. Following application of the credits, $11,928.50 remains due and owing for the Delinquency Period.

21. The CBA further provide that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

22. The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $1,757.64.

## **CONCLUSIONS OF LAW**

1. Lakewest is in default and the Funds are entitled to entry of judgment.

2. Lakewest is liable to the Funds in the amount of $11,928.50 for unpaid contributions and liquidated damages for the Delinquency Period.

3. Lakewest is liable to the Funds in the amount of $1,757.64 for attorneys' fees and costs.

## **ORDER**

**IT IS ORDERED:**

    1.    That Plaintiffs' Motion for Entry of Judgment is granted.

    2.    That judgment in the amount of $13,686.16 be entered against Lakewest Excavating LLC and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 31, 2017                         BY THE COURT:

                                                              s/Susan Richard Nelson
                                                               Susan Richard Nelson
                                                               United States District Court Judge